**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY LEWIS, | No. 18-17060 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00661-JCM-PAL |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 25, 2020**
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Amy Lewis appeals the district court's grant of summary judgment in favor

of Clark County School District ("CCSD") on her claims under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lewis worked as an office specialist at Cheyenne High School ("CHS") for ten years. In the beginning of the 2015–2016 school year, she told CHS principal Zachary Robbins that she was having work difficulties from carpal tunnel syndrome and arthritis. Robbins directed her to the district's EEO office, which promptly granted the single accommodation she requested: a lifting limit on items over ten pounds.

Later that school year, Robbins was tasked with selecting employees for transfer as part of a "turnaround" reform effort to improve CHS's performance. Lewis was one of the fourteen employees selected for transfer. The next school year, Lewis was transferred to another school in the district that was three miles further from Lewis's house than CHS, where she worked the same hours and with the same pay.

1. The district court properly granted summary judgment on Lewis's retaliation claim. Lewis did not establish a prima facie case of retaliation because she failed to show that her request for accommodation caused her allegedly adverse transfer. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Lewis's only evidence of causation is that five or six months passed between her accommodation request and her selection for transfer. Standing alone, that interval does not establish causation. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268,

273–74 (2001) (per curiam); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir. 2002).

Further, Lewis could not show that CCSD's proffered reason for Lewis's transfer—her poor work performance—was pretext for discrimination. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001). Lewis was one of fourteen employees transferred as part of an effort to improve overall school performance. CCSD explained that it transferred Lewis because of her poor work performance, evidence of which was documented in the record. Lewis does not offer either direct or "specific and substantial" circumstantial evidence to challenge this rationale. *Id.* (internal quotation marks omitted).

2. Lewis has waived appeal of her accommodation claim. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010). Even if she did not, it would fail on the merits. CCSD did not fail to accommodate Lewis because it provided the only accommodation she requested.

**AFFIRMED**.